NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3096

LACEY ALEXANDER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Lacey Alexander, of Philadelphia, Pennsylvania, pro se.

Loren Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Patricia M. McCarthy, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3096

LACEY ALEXANDER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
PH844E070443-I-1.

_____

DECIDED: May 12, 2008

_____

Before LOURIE, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Lacey Alexander appeals from the final decision of the Merit Systems Protection Board (the "Board") denying her appeal as untimely filed. <u>Alexander v. Office of Personnel Mgmt.</u>, PH-844E-07-0443-I-1 (M.S.P.B. November 9, 2007). Because Alexander has not demonstrated that the Board abused its discretion or otherwise committed legal error in its decision, we <u>affirm</u>.

## BACKGROUND

Alexander worked for the Internal Revenue Service ("IRS") until July 7, 1989. On June 24, 1992, she filed an application for disability retirement benefits, claiming that

she had injured her back on the job in 1985. The Office of Personnel Management ("OPM") issued an initial decision on August 4, 1992, denying her request because Alexander had failed to file her claim within one year of the termination of her federal service, as required under 5 C.F.R. § 201(a)(1). The initial decision letter informed Alexander that the one-year deadline could be waived if she provided evidence that she was "mentally incompetent" during the period when she should have acted. Mental incompetence was defined in that letter as being unable to handle one's personal affairs because of physical or mental disease or injury. The letter further informed her that she had thirty days in which to request reconsideration. Alexander did not do so for over twelve years.

When she finally did request reconsideration on October 11, 2004, OPM issued a letter that notified her of the untimeliness of her request and provided her with an opportunity to request a waiver of the missed filing deadline. Alexander did not respond to that letter within the prescribed thirty-day time period either. On March 1, 2005, OPM issued a reconsideration decision finding that Alexander had let pass the deadline for requesting reconsideration and had not shown that she was entitled to a waiver of that deadline. Alexander, as all appellants before OPM, was given thirty days to file an appeal to the Board. She again failed to file an appeal within that timeframe, but she did file an appeal two years later on June 13, 2007.

The administrative judge (AJ) assigned to the case ordered Alexander to demonstrate that her appeal to the Board was timely or that good cause existed for its untimeliness. In response to this request, Alexander submitted several documents that she claimed demonstrated her inability to have made a timely filing. Those documents

included a copy of her medical disability form from the Commonwealth of Pennsylvania which she files annually in order to receive food stamps and a medical card; a form from her psychologist, Dr. Frankel, diagnosing her with major depression, panic attacks, and post-traumatic stress disorder; and a letter from her therapist at the Community Council for the Mental Health and Mental Retardation Corporation in Philadelphia stating that she had been receiving treatment for the conditions diagnosed by Dr. Frankel since 2004, and that she was unable to perform tasks requiring focus and concentration and unable to "demonstrate effective functioning in her daily life."

The AJ found Alexander's explanation for her untimeliness unpersuasive. In an initial opinion issued on August 30, 2007, the AJ found that Alexander failed to explain why she was able to annually file for medical disability, which provided food stamps and a medical card, yet unable to file an appeal in this case. The length of the delay – over two years – was also considered "significant" by the AJ. Furthermore, the AJ found that even if Alexander had shown good cause for the filing delay in her appeal to the Board, she had failed to show that OPM's reconsideration decision regarding her untimely filing of a reconsideration request was unreasonable or an abuse of discretion.

Alexander then requested reconsideration of the AJ's decision. In a brief decision issued on November 9, 2007, the Board denied review finding that Alexander had not presented any new or previously unavailable evidence on appeal. Thus, the AJ's initial decision became final.

Alexander timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

2008-3096

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Generally, an appeal from a Board decision "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1) (2007). "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c) (2007).

In this case, it is undisputed that Alexander let pass four filing deadlines: first, she failed to apply for benefits from OPM within a year of the termination of her federal service; second, she failed to request reconsideration of OPM's initial decision within the required thirty-day period; third, she failed to demonstrate good cause for her delayed reconsideration request to OPM within thirty days of OPM's letter; and fourth, she failed to appeal to the Board within thirty days of OPM's reconsideration decision. The Board has explained what an appellant must show in order to demonstrate good cause for an untimely filing: "(1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely

filing his appeal or a request for an extension of time." <u>Lacy v. Dep't. of the Navy</u>, 78 M.S.P.R. 434, 437 (1998).

On appeal, Alexander makes the same arguments that she made, and presents the same evidence that she presented, in her appeal before the AJ. Essentially, Alexander argues that she was so incapacitated by her various medical problems as to be unable to appeal to the Board within the thirty-day time period. She disagrees with the AJ's reliance on her annual filing for disability as evidence that she was physically able to file an appeal. She states that only with the help of her daughter and granddaughter was she able to file her disability forms.

OPM responds that Alexander has not provided any new evidence and thus the Board's decision should be affirmed. OPM reiterates the AJ's finding that Alexander's two-year delay in filing is "significant" and not fully explained by evidence of her medical history. OPM suggests that if Alexander's daughter and granddaughter assist her in filing for disability, then it seems reasonable that they could have helped her file her appeal as well.

We agree with OPM that the Board did not abuse its discretion in denying Alexander's appeal. However, we do not entirely sustain the Board's reasoning. Alexander presented medical evidence that she has been receiving care for her stress, depression, and panic attacks since 2004, the year in which she failed to timely appeal OPM's reconsideration decision to the Board. The letter from her therapist describes an inability to perform tasks requiring focus and concentration as well as an inability to effectively function in daily life. Under the circumstances, the Board may have erred in finding that Alexander failed to show good cause for her untimely appeal to the Board.

2008-3096

However, Alexander presented no evidence showing that she had been incapable of performing basic tasks since 1990 or 1992, the years in which she had to file for disability benefits and seek reconsideration of OPM's denial of those benefits, respectively. The evidence presented only demonstrated treatment and incapacitation since 2004. Thus, Alexander was unable to explain, or provide medical evidence showing, why she failed to file for disability benefits on time, and additionally why she failed to timely request reconsideration of OPM's initial decision.

Thus, while the Board may have been incorrect in holding that Alexander's untimely appeal to the Board lacked good cause, it did not abuse its discretion in holding that Alexander's application for disability benefits and her request for reconsideration to OPM were untimely and unexcused.

Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs.</u>